OPINION OF THE COURT
Harold J. Hughes, J.
The defendants will be awarded summary judgment declaring that the Department of Environmental Conservation may properly consider traditional recreational fishing ethics in determining the manner of taking of all species of fish.
Pacific Salmon Unlimited is an association of business owners and individuals affected by the methods of fishing permitted on the Salmon River in the County of Oswego. The *227 remaining plaintiffs are individual business owners. They contend that the taking of salmon from the river by the technique of "snagging” increases their business by luring more participants than does traditional recreational fishing. Snagging is the catching of fish without the use of bait or lures. The Department of Environmental Conservation is considering a regulation that would ban snagging. Plaintiffs contend that the regulation is the result of the improper personal agenda of Department employees Robert E. Lange and Bruce Shupp. It is alleged that these employees, influenced by the sport fishing lobby, have improperly used their government positions to further their own personal belief that snagging should be banned as contrary to traditional angling ethics.
The litigation is described as a citizen taxpayer action under the State Finance Law as well as a request for a declaratory judgment under CPLR 3001. The defendants have moved to dismiss, citing various procedural defects and a lack of merit to the claim. The plaintiffs have cross-moved to correct those defects and for summary judgment. In reply, the defendants request summary judgment. The court chooses to overlook the procedural deficiencies in order to put this matter to rest without future litigation. The issue to be determined is whether the Department of Environmental Conservation may consider traditional recreational fishing ethics in deciding to ban snagging. Plaintiffs assert that the Department cannot do so because it would be engaging in the making of public policy, a domain limited to the Legislature. The court disagrees.
Our elective bodies can no longer make all policy determinations expected of State government. Some delegation of this function to an administrative agency is permissible (Boreali v Axelrod, 71 NY2d 1, 9, 10, 11). The legislation delegating the authority must contain fixed standards to guide the administrative agency (Matter of Nicholas v Kahn, 47 NY2d 24). However, the standard may be extremely broad such as the "best interests of racing generally” (Matter of Sullivan County Harness Racing Assn. v Glasser, 30 NY2d 269, 275-276). Here, ECL 11-0303 (2) provides: "To such extent as it shall deem feasible without prejudice to other functions in the management of fish and wildlife resources of the state and the execution of other duties imposed by law, the department is directed, in the exercise of the powers conferred upon it, to develop and carry out programs and procedures which will in *228 its judgment, (a) promote natural propagation and maintenance of desirable species in ecological balance, and (b) lead to the observance of sound management practices for such propagation and maintenance on lands and waters of the state, whether owned by the state or by a public corporation of the state or held in private ownership, having regard to (1) ecological factors, including the need for restoration and improvement of natural habitat and the importance of ecological balance in maintaining natural resources; (2) the compatibility of production and harvesting of fish and wildlife crops with other necessary or desirable land uses; (3) the importance of fish and wildlife resources for recreational purposes; (4) requirements for public safety; and (5) the need for adequate protection of private premises and of the persons and property of occupants thereof against abuse of privileges of access to such premises for hunting, fishing or trapping”.
By ECL 11-0305 (3) the Department has been granted the power, "[tjo regulate the taking of fish in any manner other than angling”, and ECL 11-1303 provides that: "Notwithstanding any other provision of this chapter, the department may, until April 1, 1993, fix by regulation open seasons, size and catch limits and manner of taking of all species of fish, except marine fish named in subdivisions 2 and 3 of section 13-0339 of this chapter, and all waters of the state”.
In ECL 11-0303 (1) the Department is directed to manage the fish and wildlife resources of the State, and "[sjuch management shall be deemed to include both the maintenance and improvement of such resources as natural resources and the development and administration of measures for making them accessible to the people of the state”. In subdivision (2) of the same section the Department is told that in so doing it is to use "its judgment”. Thus, the Legislature has delegated to the Department the duty of managing the State’s fish, and has directed it to use its judgment in so doing. The above statutes contain guidelines as to how the Department is to exercise its judgment, but those guidelines certainly do not preclude consideration by the Department of traditional fishing values. If consideration and implementation of traditional fishing values will assist the Department in fulfilling its mandate, then those values may be used. The reasonableness of those values can be *229 challenged in a CPLR article 78 proceeding attacking any resulting regulation, but the Department certainly has the discretion to consider those values in the regulating process. Consequently, the plaintiffs’ claims lack merit. All other requests for relief are denied.